# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MODESTA BENCOMO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>FORSTER & GARBUS, LLP,<br><br>Defendants. | Case No.: 18-cv-1259<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Modesta Bencomo is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect a debt from Plaintiff was incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt Defendants sought to collect from Plaintiff was incurred as a result of a consumer transaction.

6. Defendant Forster & Garbus, LLP ("Forster") is a New York law firm with its principal offices located at 60 Motor Parkway, Commack, NY 11725.

7. Forster is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Forster is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9. Forster is a debt collector as defined in 15 U.S.C. § 1692 and Wis. Stat § 427.103(3).

**FACTS**

10. On or June 12, 2018, Forster mailed a debt collection letter to Plaintiff regarding "TD BANK USA, N.A. – CREDITOR/TARGET CREDIT CARD." A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, the alleged debt that Forster was attempting to collect was a store-branded credit card account, used only for personal, family, or household purposes, namely the purchase of goods at Target stores.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Forster to attempt to collect alleged debts.

2

14. Upon information and belief, Exhibit A is the first written communication Forster mailed to Plaintiff regarding this alleged debt.

15. Exhibit A includes a statement which largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

16. Although the first written communication, Forster fails to state the name of the creditor in a non-confusing manner.

17. Exhibit A simply describes the debt as follows:

> MINIMUM AMOUNT due by July 8, 2018 ▸ $392.00
> FULL BALANCE ▸ $2,019.38
> Reference Number ▸ ▓▓▓▓0738
> Re ▸ TD BANK USA, N.A. - CREDITOR/TARGET CREDIT CARD

18. Exhibit A also states:

> Please include your full Target Credit Card account number ending in 4941 on your check or money order and mail to:
> Target Card Services, P.O. Box 660170 Dallas, TX 75266-0170
> OR
> Walk in to any Target store and pay in person or pay with a Check by Phone to this office today.

19. Upon information and belief, TD Bank USA, N.A. ("TD Bank") is the actual creditor of Plaintiff's alleged debt, but based on the above representations, the unsophisticated consumer would be confused as to whether the current creditor was TD Bank, "Target Credit Card," "Target Card Services," or some other entity.

20. Furthermore, Exhibit A demands that Plaintiff pays the "MINIMUM AMOUNT," listed as $392.00 by July 8, 2018, and subsequently includes the following statement:

> At this time we are only acting as a debt collector. Attorneys may act as debt collectors. Our firm will not commence a suit against you. However, if we are not able to resolve this account with you, our client may consider additional remedies to recover the balance due.

3

21. Exhibit A thus implies that legal action will be taken against Plaintiff if she fails to resolve the account.

22. The representation in Exhibit A that Forster was only acting as a debt collector "at this time" implies to the unsophisticated consumer that, if she does not pay the minimum amount by July 8, 2018, the creditor and Forster may ramp up its collection efforts.

23. In light of the representation that Forster was only acting a debt collector "at this time," the unsophisticated consumer would understand the representation that "our firm will not commence a suit against you" to mean that the creditor and Forster may "commence a suit" against the consumer if she does not pay the minimum amount before July 8, 2018.

24. The unsophisticated consumer would understand the statement "if we are not able to resolve this account with you, our client may consider additional remedies to recover the balance due" as a threat that that legal action will be taken against Plaintiff if she fails to pay the amount due by, July 8, 2018, the due date included in the letter.

25. Upon information and belief, Forster has no inside information as to whether TD Bank would ultimately forward Plaintiff's or any class member's account to an attorney or take any other action.

26. In fact, TD Bank neither brought any legal action against Plaintiff nor accelerated her account although she was not able to pay the amount demanded by the due date included in Exhibit A.

27. Instead, TD Bank sent Plaintiff a billing statement on or around July 11, 2018 which demanded Plaintiff remit her regular installment payments. A copy of this billing statement is attached to the complaint as Exhibit B.

4

28. Because TD Bank had not yet accelerated her debt, TD Bank did not have the right to bring a legal action against Plaintiff under Wisconsin law. *See* § Wis. Stat. 425.105(1).

29. Forster's misrepresentation is a material misrepresentation because it misleads the unsophisticated consumer about risk of legal action. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

30. Moreover, because the unsophisticated consumer would understand the statement "if we are not able to resolve this account with you, our client may consider additional remedies to recover the balance due" as a threat that that legal action will be taken against Plaintiff if she fails to pay the amount due by, July 8, 2018, which is within the 30-day validation period, the statement overshadows the validation notice.

31. By threatening that legal action may be imminent during the 30-day validation period, such representation overshadows the validation notice.

32. Plaintiff was misled, deceived, and confused by Exhibit A.

33. The unsophisticated consumer would be misled, deceived, and confused by Exhibit A.

### *The FDCPA*

34. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the

5

Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is

violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

35. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

36. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

38. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

7

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

42. 15 U.S.C. § 1692g(b) states, in part:

(b) **Disputed debts**
…
Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

*The WCA*

43. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

44. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

45. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

46. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

47. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

48. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

49. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

50. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell*

9

*Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

51. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

52. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

53. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

54. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

55. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

56. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

57. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

58. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

59. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

60. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

61. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

62. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell*

11

*Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

63. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

64. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ." Wis. Admin. Code § DFI-Bkg 74.16(9) defines such "other conduct" as "including conduct which violates the Federal Fair Debt Collection Practices Act."

65. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

66. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

67. Exhibit A is misleading as to the identity of the creditor and fails to state the name of the creditor of the alleged debt in a non-confusing manner.

68. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g(a)(2).

## COUNT II – FDCPA

69. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

12

70. By implying that legal action would be taken against Plaintiff, Exhibit A includes representations that are false, deceptive, and misleading and falsely threaten to take an action which Forster did not actually intend to take.

71. By implying that legal action would be taken against Plaintiff within the 30-day validation period, Exhibit A overshadows the validation notice.

72. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, 1692g(b).

## COUNT III - FDCPA

73. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

74. By implying that legal action would be taken against Plaintiff, Exhibit A falsely threatens to take an action which neither Forester nor the creditor actually intended to take.

75. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(L).

## CLASS ALLEGATIONS

76. Plaintiffs bring this action on behalf of two classes.

77. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the forms represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt incurred for personal, family, or household purposes, (d) between August 14, 2017 and August 14. 2018, inclusive, (e) that was not returned by the postal service. Plaintiff is the designated representative of Class I.

78. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

13

79. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. § 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f and 1692g.

80. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

81. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

82. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

83. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 14, 2018

                **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
     John D. Blythin (SBN 1046105)
     Mark A. Eldridge (SBN 1089944)

Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com